**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**M. John Carson**, *Pro Hac Vice Status Pending*
JCarson@foley.com
**Leila Nourani**, *Pro Hac Vice Status Pending*
lnourani@foley.com
**FOLEY & LARDNER LLP**
555 S Flower Street, #3500
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065

**Pauline A. Mueller**, *Pro Hac Vice Status Pending*
pmueller@foley.com
**FOLEY & LARDNER LLP**
321 N Clark Street, Suite 2800
Chicago, IL 60654
Telephone: 312.832.4500
Facsimile: 312.832.4700

  Attorneys for Defendant Herbalife International, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS AG,** | CV No. 09-661-MO |
| Plaintiffs, | Defendant Herbalife International, Inc.'s |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TRANSFER TO CENTRAL DISTRICT OF CALIFORNIA** |
| **HERBALIFE INTERNATIONAL, INC.,** | |
| Defendant. | |

PAGE 1 -   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
         TRANSFER

## I.    **INTRODUCTION**

Defendant Herbalife International, Inc. ("Herbalife"), by and through its attorneys, respectfully moves this Court to dismiss or transfer venue of Plaintiffs adidas America, Inc.'s and adidas AG's ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) and 28 U.S.C. § 1406(a), because this Court does not have personal jurisdiction over Herbalife and Plaintiffs' claims for relief are improperly venued in the District of Oregon. Herbalife does not have the requisite minimum contacts in Oregon the events and circumstances surrounding the contract at issue in this case and that give rise to the claims at issue did not occur did not occur in this District.  Plaintiffs' Complaint should be dismissed or transferred for lack of personal jurisdiction and improper venue.  In the alternative, venue should be transferred in the interest of justice and convenience to parties and witnesses pursuant to 28 U.S.C. § 1404(a), to the United States District Court, Central District of California, where Herbalife's concurrent action is already pending.

## II.    **FACTS**

Herbalife and Plaintiff adidas AG had been negotiating a settlement regarding the dispute over the meaning and scope of a contract addressing trademark rights.  Declaration of M. John Carson ("Carson Decl."), ¶¶ 2-3.  adidas requested further settlement discussion, including Herbalife's positions on the contract issues. Carson Decl. ¶¶ 4-8.  Rather than respond to the letter in which Herbalife set out its positions, Plaintiffs filed their Complaint and Demand for Jury Trial ("Complaint") on June 12, 2009.  Carson Decl. ¶ 10.  The suit was filed in Oregon as a result of forum-shopping on the part of adidas, and was accomplished by adding adidas America as a plaintiff, though this corporation was not a signatory to the Agreement.

In its Complaint, Plaintiffs allege that the Court has personal jurisdiction over Herbalife because Herbalife has distributed or sold infringing merchandise within the State of Oregon, engaged in acts or omissions within the state of Oregon causing injury, and has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

PAGE 2 -    DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
              TRANSFER

Complaint, ¶ 6.  Plaintiffs also claim venue in the District of Oregon is proper because a substantial part of the events or omissions giving rise to adidas' claims occurred in the District. Complaint, ¶ 7.  However, Plaintiffs provide no facts to support their claims that the Court has personal jurisdiction over Herbalife or that the case is properly venued in the District of Oregon. Plaintiffs do not allege any facts to support its assertion that this Court has personal jurisdiction over Herbalife because none exist.

The issue in this case is whether there was a breach of the 1998 Agreement between Herbalife and adidas AG regarding the usage of, respectively, their TRI-LEAF and TREFOIL marks.  The goods at issue in this lawsuit are Herbalife's apparel products, not Herbalife's nutritional and body care products.  The impetus for filing suit, rather than continuing negotiations, was the use of Herbalife's corporate name and TRI-LEAF mark on the Los Angeles Galaxy soccer team's jerseys in connection with Herbalife's sponsorship of the team.  Given the subject of the agreement, the parties to the agreement, and the goods at issue, personal jurisdiction over Herbalife in Oregon is improper.

- The Agreement was between adidas AG, a German corporation, and Herbalife, a Nevada corporation with primary place of business in California.  Declaration of James Berklas ("Berklas Decl."), Exhibit 1.

- The Agreement was signed by Herbalife and by adidas AG, a German corporation. Plaintiff adidas America was not a signatory to the Agreement.  Berklas Decl., Exhibit 18.

- Herbalife negotiated, executed, and signed the Agreement in California.  Berklas Decl. ¶ 17.

- Herbalife's records regarding the Agreement are all located in California.  Records relating to Herbalife's production of allegedly infringing goods are all located in California.  Berklas Decl. ¶ 19.

PAGE 3 -   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

- Herbalife manufactures and sells primarily weight, nutritional, skin, and personal care products under its distinctive Tri-Leaf Design trademark.  Berklas Decl. ¶ 3.

- Herbalife does not manufacture sports apparel.  Berklas Decl. ¶ 4.

- Herbalife is not registered to conduct business in Oregon.  Berklas Decl. ¶ 5.

- Herbalife has no registered agent in Oregon.  Berklas Decl. ¶ 6.

- Herbalife has never maintained any office in Oregon.  Berklas Decl. ¶ 7.

- Herbalife has never paid taxes in Oregon.  Berklas Decl. ¶ 8.

- Herbalife has no bank accounts in Oregon.  Berklas Decl. ¶ 9.

- Herbalife has no real or personal property in Oregon.  Berklas Decl. ¶ 10.

- Herbalife has not been involved in prior lawsuits in Oregon.  Berklas Decl. ¶ 11.

- Herbalife has no employees located in Oregon.  If Herbalife is forced to defend itself in Oregon, all of its anticipated witnesses would have to travel from California and elsewhere to Oregon for trial.  Berklas Decl. ¶ 12.

- Sales of Herbalife products in Oregon are made by independent distributors.  At year-end 2008, Herbalife's independent distributors in Oregon constituted 1.46% of Herbalife's total U.S. distributor network.  Berklas Decl. ¶ 13.

- Herbalife's distributors sell primarily, if not completely, Herbalife's nutritional goods, rather than apparel.  Berklas Decl. ¶ 14.

- Herbalife's sales of apparel are *de minimis* compared to its sales of nutritional goods.  Berklas Decl. ¶ 15.

- Herbalife's decisions regarding United States use of the TRI-LEAF mark are all made in California.  Berklas Decl. ¶ 21.

- Herbalife's decisions regarding United States sponsorship are all made in California.  Berklas Decl. ¶ 22.

- Herbalife's contract with the Los Angeles Galaxy to provide team jerseys was entered into in California.  Berklas Decl. ¶ 23.

PAGE 4 -   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

- Employees of the Los Angeles Galaxy team who would have knowledge of the team's agreement with Herbalife are located in California. Berklas Decl. ¶ 24.

- Contrary to plaintiffs' allegation in their Complaint that adidas AG and adidas America, Inc. are the owners of the 4 trademark registrations (U.S. Reg. Nos. 973161, 1310140, 3104117 and Int'l Reg. No. 836756), the Trademark Assignment Abstract of Title for the U.S. registrations and the World Intellectual Property Organization website indicate that the only the only owner is adidas AG. *See* Exhibit 1 to Carson Decl. ¶ 12.

In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the Supreme Court held that the due process clause requires a defendant to have meaningful contacts, ties, or relations with the forum state for personal jurisdiction to be appropriate. Its contacts with the state must not be random, fortuitous, or attenuated. Plaintiffs have not alleged any facts that would support an argument that this Court's jurisdiction over Herbalife would be reasonable under *Burger King*.

Similarly, with respect to its venue allegations, Plaintiffs fails to allege facts that would support venue in the District of Oregon because none exist. The above referenced facts further establish that venue in Oregon is improper. Accordingly, since this action is improperly venued in Oregon, it should be dismissed or transferred to the Central District of California, where Herbalife's parallel action is already pending.

### III.    LEGAL STANDARDS

In lieu of filing an answer to the complaint, a defendant can object to appearing in a court without personal jurisdiction over it, or in which the complaint is improperly venued pursuant to Fed. R. Civ. P. 12(b)(2) and (3).

**A.    Personal Jurisdiction—General and Specific.**

In the absence of the traditional bases for personal jurisdiction—presence, domicile, or consent—due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play

PAGE 5 -    DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
            TRANSFER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-472 (1985) *quoting International Shoe Co.,* 326 U.S. at 319.  Here, Plaintiffs cannot meet that burden.  The "constitutional touchstone" is whether the defendant "purposefully established 'minimum contacts' in the forum State."  *Id.* at 474.  When challenged, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *Schwarzenegger v. Fred Martin Company*, 374 F.3d 797, 800 (9th Cir. 2004).

**B.     Venue.**

The question of whether venue is proper in a given case is not concerned with the court's constitutional authority to bind the parties to a judgment but with the proper location of the adjudication of the claims.  "A civil action wherein jurisdiction is not founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides…, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  By statute, if venue is not proper, the court must dismiss or transfer the improperly venued case.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Alternatively, the court may transfer an action "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

## IV.     ARGUMENT

Herbalife does not reside in Oregon, the events and circumstances surrounding the contract at issue in this case and that give rise to the claims at issue did not occur in Oregon, and

PAGE 6 -   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

thus Herbalife was not subject to personal jurisdiction in Oregon when the action was commenced.  The District of Oregon does not have personal jurisdiction over Herbalife because Herbalife has not purposefully availed itself of the laws of Oregon, nor has it purposefully directed behavior at the state.  This case should either be dismissed or transferred for lack of personal jurisdiction and improper venue, or transferred to the Central District of California, where Herbalife's concurrent action is already pending, in the interest of justice and convenience to parties and witnesses.

**A.    Plaintiffs' Complaint Must Be Dismissed or Transferred for Lack of Personal Jurisdiction Over Defendant Herbalife International, Inc.**

Plaintiffs cannot prove that jurisdiction in the District of Oregon exists in this case. Neither "general" nor "specific" personal jurisdiction over Herbalife is supportable in Oregon. Herbalife does not maintain continuous and systematic general business contacts in Oregon. Herbalife also did not negotiate or sign the Agreement in Oregon.  The Agreement was negotiated and signed in California by Herbalife.  The only signatories to the Agreement were Herbalife and adidas AG.  Negotiations between these two parties were ongoing when adidas filed its suit.

adidas America has improperly been named a plaintiff in an attempt to assert false jurisdiction and venue in Oregon.  In myriad contexts, non-signatories to agreements are not entitled to the rights enjoyed by signatory parties, nor burdened by the obligations.  *See Castle v. United States,* 301 F.3d 1328, 1339 (Fed. Cir. 2002) (finding that only two shareholders were proper parties to the suit, as no others negotiated the contract nor promised any performance under the contract); *Ross v. American Express Company,* 547 F.3d 147 (2nd Cir. 2008) (holding that a non-signatory to the agreement, who had no role in the agreement's formation or performance, could not avail itself of the agreement's arbitration clause).  Subsidiaries also do not automatically enjoy the same rights as their parent corporations.  *Dow Corning Corporation v. Chemical Design,* 3 F.Supp.2d 361 (W.D.N.Y. 1998) (holding that the subsidiary

PAGE 7 -    DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

of a party to an agreement is not a third-party beneficiary to that agreement and therefore does not have standing to enforce a contract).  Furthermore, Plaintiffs' Complaint does not allege breach of contract or trademark violations arising primarily from activities in Oregon.

1.    **No general jurisdiction exists.**  In *Schwarzenegger v. Fred Martin Company*, the Ninth Circuit delineated the standard for determining whether personal jurisdiction exists.  374 F.3d 797 (2003).  The Court first noted that where no federal statute governing jurisdiction exists, the district court applies the law of the state in which the court sits.  The provisions of Oregon's long-arm statute are coextensive with federal due process requirements.  Therefore, the jurisdictional analyses are the same.  *See, e.g., State ex rel. Hydraulic Servocontrols Corp. v. Dale,* 657 P.2d 211 (Or. 1982).  Due process requires that "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  *Schwarzenegger* at 800-801 (internal quotation marks and citations omitted).

To prove general jurisdiction, according to the Ninth Circuit, Plaintiffs must show that Herbalife engaged in "'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state."  *Id.* at 801.  Clearly, general personal jurisdiction does not exist in this case.  Herbalife did not engage in "continuous and systematic general business contacts" that approximate a physical presence in Oregon.  Nor is the presence of Herbalife's independent distributors in Oregon sufficient contact to merit a finding of purposeful availment.  In *Cascade Corp. v. Hiab-Foco AB,* 619 F.2d 36 (9th Cir. 1980), the court held that personal jurisdiction over a defendant in a patent infringement case was inappropriate when the defendant had no offices, agents, or employees in Oregon, no property in Oregon, and its products were sold in Oregon only through independent distributors.

2.    **No specific jurisdiction exists.**  If a plaintiff cannot establish that the Court has general personal jurisdiction over the defendant, it may attempt to prove specific personal

PAGE 8 -    DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

jurisdiction. The Ninth Circuit applies a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

(1)     the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)     the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)     the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*See, e.g. Schwarzenegger,* 374 F.3d at 802; *Boschetto v. Hansing*, 538 F.3d 1011 (9th Cir. 2008).

A plaintiff must satisfy the first two elements of the test. If a plaintiff fails to satisfy either element, personal jurisdiction is not established in the forum state and the case must be dismissed. If a plaintiff is successful, on the other hand, in satisfying both elements, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Boschetto*, 538 F.3d at 1016 (quoting *Burger King*, 471 U.S. at 476-78). The elements considered by the Ninth Circuit as to whether the exercise of personal jurisdiction is reasonable are the:

(1)     extent of the defendant's purposeful interjection into the forum state's affairs

(2)     burden on defendant of defending in forum

(3)     extent of conflict with sovereignty of defendant's state

(4)     forum state's interest in adjudicating dispute

(5)     most efficient judicial resolution of controversy

(6)     importance of forum to plaintiff's interest in convenient and effective relief, and

(7)     existence of alternative forum.

PAGE 9 -   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
           TRANSFER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

*See, CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004); *Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003); *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).

To prove specific personal jurisdiction, Plaintiffs must show that Herbalife availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of Oregon law, or that Herbalife purposefully directed its activities at or consummated some transaction in Oregon. Plaintiffs cannot make this showing because no such availment occurred. The Herbalife website referenced in the Complaint simply has a link to Galaxy's hosted website. Herbalife does not sell Galaxy apparel on *its* website. The consumer must access Galaxy's website in order to purchase Galaxy jerseys that depict Herbalife's mark. Herbalife's website does not constitute purposeful availment invoking the benefits and protections of plaintiff's state. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997); *Millennium Enterprises, Inc. v. Millennium Music, LP,* 33 F.Supp.2d 907 (D.Or. 1999).

Plaintiffs will be equally unable to prove purposeful direction, in which actions outside the forum state are specifically directed at the forum. The Ninth Circuit applies the three-part "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). The test requires that a defendant allegedly "1) committed an intentional act, 2) expressly aimed at the forum state, 3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F. 3d 1104, 1111 (9th Cir. 2002). Conduct "expressly aimed" at a forum state requires that the defendant engage in "wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Mere foreseeability of injury in the forum state is not enough to justify assertion of personal jurisdiction. *Id*. In this case, the contract was formed between Herbalife and adidas AG. It cannot be argued that Herbalife's alleged breach of contract was targeted at adidas America when adidas America was not a signatory to the contract. Similarly, the trademarks at issue are owned by adidas AG.

PAGE 10 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

Herbalife's alleged trademark infringement cannot be said to be directed at someone other than the owner of the marks.

The Ninth Circuit also applies a "but for" analysis, determining if the plaintiff would not have been injured but for the defendant's conduct directed toward plaintiff in the forum. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Unicru, Inc. v. Brenner*, 2004 WL 785276, *8-9 (D.Or. 2004). In this case, the "but for" test has not been met. All conduct and events relating to the contract at issue took place in Europe or in California. Therefore, adidas would have suffered the same alleged injuries irrespective of the existence of Herbalife's independent distributors in Oregon. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 272 (9th Cir. 1995).

Plaintiffs will also not be able to show that their claims arise out of Herbalife's Oregon-related activities. According to the description contained in the Complaint, Plaintiffs' claims arise out of Herbalife's actions in California, as that is where decisions regarding team sponsorship and logo placement are made. Additionally, the Los Angeles Galaxy team, whose jerseys are specifically at issue in the complaint, is located in California.

Even if adidas were able to satisfy the first two elements of the test, personal jurisdiction over Herbalife would still fail under the reasonableness inquiry.

- The first factor weighs in favor of Herbalife: if adidas were able to show that some of the allegedly infringing goods were purchased in Oregon, the extent of Herbalife's interjection into the forum state's affairs would still be *de minimis*.

- The second factor weighs in favor of Herbalife: the burden on Herbalife to defend in Oregon would be higher than the burden to defend in California. The burden on adidas would be the same in either case, as the true plaintiff is adidas AG, not adidas America.

- The third factor is neutral: nothing in this case suggests a conflict with the sovereignty of the State of California.

PAGE 11 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
               TRANSFER

- The fourth factor favors Herbalife: Oregon has no real interest in adjudicating a dispute between a California resident corporation and a German corporation. Adidas America is not a signatory to the Agreement at issue, and thus is not the true plaintiff in this case.

- The fifth factor weighs in favor of Herbalife: to determine which forum could most efficiently resolve the dispute, the courts look to the location of the evidence and the witnesses. *Caruth v. International Psychoanalytical Association*, 59 F.3d 126, 129 (9th Cir. 1995); *Harris Rutsky*, 328 F.3d at 1133. Herbalife's witnesses and evidence are located in California. The likely third-party witnesses, including officers of the Los Angeles Galaxy, are located in California. adidas' witnesses are located in Germany and other European countries, thus travel to California or Oregon would be equally burdensome for adidas.

- The sixth factor weighs in favor of Herbalife: the forum of Oregon is not important to the Plaintiff's interest in convenient and effective relief. The true plaintiff is adidas AG, not the Oregon corporation adidas America. However, even if this factor is counted in favor of adidas, it is "not of paramount importance, [as] 'no doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference.'" *Harris Rutsky*, 328 F.3d at 1133 (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 624 (9th Cir. 1991).

- The last factor weighs in favor of Herbalife: a clear alternative forum exists, in the Central District of California, where the concurrent action is already pending, and in which jurisdiction and venue are appropriate. Plaintiffs bear the burden of proving the unavailability of an alternative forum in this case. *See Core-Vent Corporation v. Nobel Industries AB*, 11 F.3d 1482, 1490 (9th Cir. 1993).

According to the Ninth Circuit tests, therefore, Plaintiffs' Complaint fails for lack of personal jurisdiction and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

PAGE 12 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

**3.    Venue is improper under 28 U.S.C. §1406(a).**  When a suit is founded on federal question jurisdiction in addition to diversity of citizenship as is this case, the case is properly brought only in 1) the district where the defendant resides, 2) the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or 3) a judicial district in which any defendant may be found, if there is no other district in which the action may be brought.  Plaintiffs should have filed this case in California because Herbalife's principal place of business is in California and because the events and circumstances surrounding the contract that gives rise to the claims at issue in this case occurred in California: the contract was negotiated and signed by Herbalife in California, all Herbalife's U.S. decisions regarding sponsorship and use of the TRI-LEAF mark were made at its headquarters in Los Angeles; and the allegedly infringing Los Angeles Galaxy team jerseys are displayed and distributed in California.

adidas' pursuit of its claims in the District of Oregon is improper, and accordingly the case should be dismissed or transferred to California pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a).

**B.    In the Alternative, Plaintiffs' Complaint Should Be Transferred to a More Appropriate Venue.**

In addition to dismissing a case filed in an improper venue, a district court may transfer an action to any other district or division where it might have been brought "for the convenience of parties and witnesses" and "in the interest of justice."  *28 U.S.C. § 1404(a)*.  When Congress enacted section 1404(a), it intended not only to  codify the existing law on *forum non conveniens* but also to set a less onerous standard.  *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Congress intended to give district courts power to grant transfers upon a lesser showing of inconvenience than under the common law doctrine of *forum non conveniens*.  *Id*.  Section 1404(a) gives the court discretion to adjudicate motions for transfer according to an "'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart*

PAGE 13 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

*Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964).

The Ninth Circuit relies on the *Jones* test to analyze a motion to transfer: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel the attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Based on the *Jones* factors, the facts in this case strongly weigh in favor of transfer.

**(1)    The location where the relevant agreements were negotiated and executed.** The Agreement was negotiated and signed in California. The Agreement was signed by a Nevada corporation with principal place of business in California and a German corporation with principal place of business in Germany. The Agreement was not signed by Plaintiff adidas America, who is this case's only connection to Oregon. This factor weighs strongly in favor of transfer.

**(2)    The state that is most familiar with the governing law.** While the trademark claims in this suit may be properly adjudicated by any federal court, the breach of contract claims are more properly adjudicated in California. The breach of contract claims should not be adjudicated under Oregon law, since the contract was formed between a corporation in California and an alien corporation based in Germany. This factor weighs in favor of transfer.

**(3)    The plaintiff's choice of forum.** Plaintiffs claim the first-to-file rule supports keeping this case in the District of Oregon.[1] While there is ordinarily deference to the forum of

---

[1]    In this instance, adidas was the first to file as the result of disingenuous and misleading communications regarding its desire to negotiate and reach an amicable settlement. While Herbalife was negotiating in good faith through its outside counsel, adidas was preparing its

(continued . . .)

PAGE 14 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
              TRANSFER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

the first-filed suit, there is an exception to this doctrine where there is a lack or proper venue, as there is in this case. It is true that a plaintiff's choice of forum is accorded substantial deference where that forum is the plaintiff's home forum; however, in this instance, the true plaintiff is adidas AG. The only connection to Oregon is that the state is the headquarters of adidas America, who is not a signatory to the contract at issue, and who is not the owner of the trademarks at issue. Oregon is not the domicile of adidas AG, and a plaintiff's choice of forum carries less weight when the chosen forum is not the plaintiff's home. *Home Indemnity Co. v. Stimson Lumber Co.*, 229 F.Supp.2d 1075, 1085 (D.Or. 2001). It is also true that "where the plaintiff's chosen forum is not the situs of material events, plaintiff's chosen forum is entitled to less deference" and thus a plaintiff's choice of forum "is not absolute and will not defeat a well-founded motion to transfer." *Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill 1998) (citations omitted) (transferring case despite plaintiff's choice of forum where the contract was signed and breached in the other forum, the relationship between the parties was "centered" in that other forum, and a database critical to the case was located in that other forum). In the instant case, the contract was signed and allegedly breached in California, and the relationship between the parties was centered in California. Plaintiffs' choice should not receive substantial deference because California, not Oregon, is the situs of material events.

**(4)    The respective parties' contacts,**

and

**(5)    Contacts relating to the plaintiff's cause of action, in the chosen forum.**

Herbalife does not have contacts with Plaintiffs' chosen forum—the District of Oregon. All of Herbalife's relevant contacts are in California. The proper plaintiff, adidas AG, has no contacts

---

(. . . continued)

complaint, appending adidas America as an improper plaintiff, and filing in Oregon in a flagrant attempt at forum-shopping.

PAGE 15 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

with Oregon other than being the parent company of another corporation located there.  Both of these factors strongly weigh in favor of transfer.

(6) **The differences in the costs of litigation in the two forums.**  Because all witnesses and documents are either in Germany or California, litigation costs for both Herbalife will be significantly higher if the parties are forced to litigate in Oregon, and costs for adidas will be similar whether the case is litigated in Oregon or California.  This factor weighs in favor of transfer.

(7) **The availability of compulsory process to compel the attendance of unwilling non-party witnesses.**  The issue regarding this factor is whether important *non-party* witnesses are within the reach of a court's subpoena power.  *See Reed v. Fine Oil & Chem. Co.*, 995 F.Supp. 705, 714 (E.D. Tx. 1998) (noting reach of subpoena power to secure witness attendance); *compare Ashmore v. Northeast Petroleum Div. of Cargill, Inc.*, 925 F.Supp. 36, 38 (D. Me. 1996) (noting, in contrast, that "[a] defendant's motion to transfer under section 1404(a) may be denied when the witnesses are employees of the defendant and their presence can be obtained by the party.")

Here, the most important witnesses will be either employees of the parties, or past employees of the parties.  Other witnesses will likely include employees of the Los Angeles Galaxy soccer team.  Most of Herbalife's past employees can only be compelled to testify in California, as they are far outside the 100-mile radius of an Oregon federal court's subpoena power under Fed. R. Civ. P. 45(b)(2).  Similarly, employees of the Los Angeles Galaxy can be compelled to testify in the Central District of California, while not in the District of Oregon. This factor weighs heavily in favor of transfer.

(8) **The ease of access to sources of proof.**

a. **Location and convenience of witnesses.**  "The convenience of the witnesses is probably the single most important factor in transfer analysis." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 329 (E.D.N.Y. 2006).  *See also Viacom Int'l, Inc. v.*

PAGE 16 - DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
TRANSFER

*Melvin Simon Productions, Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991) (describing factor as "key test"); *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989) (describing factor as "most important"); *Saminsky v. Occidental Petroleum Corp.*, 373 F. Supp. 257, 259 (S.D.N.Y 1974) (describing factor as "most significant").

Here, as described above, the crucial witnesses for Herbalife are employees or past employees of Herbalife who would be greatly inconvenienced by having to travel to Oregon, and employees of the Galaxy sports team, who would also be greatly inconvenienced by having to travel to Oregon. The witnesses for adidas AG are likely to be employees or past employees who would be required to travel overseas regardless of the venue. *See In re Genentech, Inc.,* 2009 U.S. App. LEXIS 10882 (Fed. Cir. 2009) (transferring venue to California from Texas and holding that German plaintiff's witnesses would have to travel a significant distance no matter where they testify); *see also Neil Bros.,* 425 F. Supp. 2d at 330 (noting that it is comparatively only slightly less convenient to travel from the United Kingdom to New York than it is to travel from the United Kingdom to Tennessee); *Centro Group, S.p.A. v. OroAmerica, Inc., 822 F. Supp. 1058, 1061-62 (S.D.N.Y. 1993)* (European plaintiff was no more inconvenienced by litigating in California than in New York); *Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 484 (D.N.J. 1993)* (plaintiff's witnesses from Japan were no more inconvenienced by testifying in Minnesota than in New York). These facts weigh heavily in favor of a transfer.

        **b.     Location of other sources of proof.**     As with witnesses, another important consideration is the location of evidence in the form of books and records. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Here, the key evidence will be the actual terms of the contract. If the court finds that the plain language of the contract is unclear, it will hear evidence that goes beyond the four corners of the contract to determine the parties intentions behind the contract including evidence relating to contract negotiations and contract performance. Here, none of the evidence is located in Oregon, it is in California and/or in Germany. If the case were to proceed in Oregon, all the evidence including records and

PAGE 17 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
                TRANSFER

witnesses would have to be transported to Oregon from either California or Germany. Specifically, the records of Herbalife surrounding the formation of the contract are located in California, while adidas' records relating to the Agreement and to the trademarks at issue are in Europe. Additionally, samples of the allegedly infringing goods are located in California. All of Herbalife's evidence would be cumbersome and impractical to transport to Oregon, while adidas' evidence will need to be transported overseas regardless. *See In re Genentech,* 2009 U.S. App. LEXIS 10882 at *18. Both the location of and convenience to witnesses and the location of other sources of evidence strongly favor transfer.

In addition to the *Jones* factors, courts also consider which court is "closer to the action" and better able to monitor compliance with any injunction that may be granted. *Law Bulletin Pub. Co.*, 992 F.Supp. at 1020-1021 (N.D. Ill. 1998). Here, the injunctive relief requested by adidas – prevention of Herbalife from using or registering its TRI-LEAF mark on sports-related goods, services, or sponsorships – is directed at Herbalife's corporate headquarters, and clearly renders the Central District of California more suitable for fashioning, monitoring and enforcing such relief, if granted at all.

[Remainder of this page intentionally left blank.]

PAGE 18 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
          TRANSFER

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## V.    CONCLUSION

For all of the foregoing reasons, Herbalife respectfully requests the Court dismiss this action, or, in the alternative, transfer it to the Central District of California, where Herbalife's concurrent action is already pending.

DATED:  July 10, 2009

LANE POWELL PC


By   /s/ Kenneth R. Davis, II
      Kenneth R. Davis, II, OSB No. 97113
      Telephone:  503.778.2121

      M. John Carson, *Pro Hac Vice Status Pending*
      Leila Nourani, *Pro Hac Vice Status Pending*
      **FOLEY & LARDNER LLP**
      Telephone:  213.972.4500

      Pauline A. Mueller, *Pro Hac Vice Status  Pending*
      **FOLEY & LARDNER LLP**
      Telephone:  312.832.4500

      Attorneys for Defendant Herbalife International, Inc.

PAGE 19 -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR
            TRANSFER