UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ADIDAS AMERICA, INC. and**
**ADIDAS AG,**

               Plaintiffs,

     v.

**HERBALIFE INTERNATIONAL, INC.,**

               Defendant.

No. CV 09-661-MO

OPINION AND ORDER

**MOSMAN, J.,**

     This matter comes before the Court on Herbalife's Motion for Limited, Expedited Discovery and Expedited Briefing Schedule (#74). Oral argument was held on February 19, 2010.

     In its motion, Herbalife asserted a need for "emergency" discovery. Among other requests, Herbalife sought any and all communications between adidas and MLS and adidas and AEG relating to adidas's production of Galaxy jerseys for 2007, 2008, 2009, 2010, and 2011, as well as any and all documents relating to adidas's production of jerseys, including "standard review, modification, sampling and approval processes, production practices, production schedules, production timelines, production artwork, [and] production samples." (Nourani Decl. (#76) Ex. 3.) Herbalife's motion was filed at 9 P.M. on Tuesday, February 16, 2010, for production by Friday, February 19, 2010.

     Herbalife's motion for expedited relief was premised on perceived discrepancies between the Chris McGuire Declaration filed by adidas on January 28, 2010 (Nourani Decl. (#76) Ex. 5) and the

Brian McKinley Declaration filed by Herbalife on January 27, 2010 (*id.* at Ex. 7),[1] which Herbalife contended amounted to good cause justifying its extraordinary discovery request. Mr. McKinley had been informed, through an unsworn hearsay statement from the corporation that owns and operates the L.A. Galaxy, that a final decision on "creative 'artwork'" had to be made by January 20, 2010.[2] (*See* Mem. in Supp. of Mot. (#75) 5.) In contrast, the McGuire Declaration stated that the final decision on jersey design would not be made until April 1, 2010. (*See id.* at 5.) Other asserted discrepancies included an inconsistency between Mr. McGuire's contention that adidas had produced two alternative jersey designs, one of which included the Tri-Leaf logo, and Mr. McKinley's concern that Herbalife had neither seen nor approved the alternate jersey design that contained the Tri-Leaf logo.

Herbalife's motion implied that, as between the McGuire Declaration and the McKinley Declaration, no alternate jersey design existed, a design decision had already been reached, and the briefing and oral argument keyed off the April 1, 2010 deadline would be too late. At oral argument, however, it became clear that Herbalife accepted the April 1, 2010 deadline as accurate and instead sought discovery related to the merits of its soon-to-be-filed motion for preliminary injunction.

I find that Herbalife was dilatory in pursuing this discovery at such a late date. Herbalife asserted that it did not seek discovery earlier because it did not know that adidas planned to remove the Tri-Leaf logo from the L.A. Galaxy jerseys. I find, however, that Herbalife knew, or should have known, of adidas' plans at least as early as December 3, 2009. (*See* Herbalife's Ex Parte Application

---

[1] Both declarations were filed in conjunction with Herbalife's January 27, 2010 Ex Parte Application for a Temporary Restraining Order in the Central District of California.

[2] Mr. McKinley stated, "I have been informed of several deadlines for finalizing the design for L.A. Galaxy team uniforms before adidas must proceed with commercial manufacturing, including a January 20, 2010 deadline for the final creative "artwork." Although only adidas would likely know the actual deadline, it is without a doubt imminent." (McKinley Decl. (#76) Ex. 7 at ¶ 24.)

for TRO (#64) Ex. 3 at 9 (stating that Herbalife received photographs of adidas's redesign of the 2011 L.A. Galaxy jerseys on December 3, 2009, which showed that "adidas has unilaterally decided to remove Herbalife's Tri-Leaf logo from previously approved jerseys.").) Herbalife likely knew of adidas's intentions much earlier, as evidenced by Herbalife's June 17, 2009 claim against adidas for intentionally interfering with Herbalife's contractual relationship with the L.A. Galaxy. (*See* Complaint (#7) Ex. 3 at ¶¶ 32-38 ("adidas is now objecting to the use of the Herbalife mark and seeks its removal from the [L.A. Galaxy] team jerseys and other goods.").)

I further find that, for purposes of justifying unprecedented discovery to be produced within three days of the formal request, the alleged discrepancies between the McGuire and McKinley declarations are completely insufficient. Instead, the discrepancies appear to have been raised in an effort to manufacture good cause for pursuing necessary discovery that was sought too late.

Notwithstanding Herbalife's delay in seeking discovery and its lack of good cause for doing so, the Court will require adidas to produce, through special interrogatories, deposition, or production of documents, information related to the inclusion and exclusion of the Herbalife Tri-Leaf logo on L.A. Galaxy jerseys. This discovery, along with adidas's agreement with Major League Soccer, is to be produced as soon as possible and no later than Thursday, February 25, 2010. Herbalife is to file its Motion for Preliminary Injunction by 10 am on 3/1/10. adidas's Response is due by 10 am on 3/16/10. Herbalife's Reply is due by 10 am on 3/23/10.

IT IS SO ORDERED.

DATED this   22nd   day of February, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court