**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**M. John Carson**, *Admitted Pro Hac Vice*
jcarson@foley.com
**Leila Nourani**, *Admitted Pro Hac Vice*
lnourani@foley.com
**Michael J. Song**, *Admitted Pro Hac Vice*
msong@foley.com
**FOLEY & LARDNER LLP**
555 S Flower Street, 35th Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065

Attorneys for Defendant Herbalife International, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS AG**,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**HERBALIFE INTERNATIONAL, INC.**,<br><br>　　　　　　　　　　　Defendant. | CV No. 09-661-MO<br><br>Defendant Herbalife International, Inc.'s<br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

PAGE 1 -   DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND
　　　　　　COUNTERCLAIMS

Defendant Herbalife International, Inc. ("Herbalife") answers and responds to plaintiffs adidas America, Inc. ("adidas America") and adidas AG's (collectively, "plaintiffs" or "adidas") Complaint as follows:

## ANSWER

1. Herbalife denies the allegations contained in paragraph 1 of the complaint..

2. Herbalife lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint and, therefore, denies those allegations.

3. Herbalife admits that it is using and seeks to register its Tri-Leaf Mark, which mark is depicted in paragraph 3 of the complaint. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 3 of the complaint.

4. Herbalife denies the allegations contained in paragraphs 4, 5, 6 and 7 of the complaint.

5. Herbalife lacks sufficient information to form a belief as to the truth of the allegations contained in paragraphs 8 and 9 of the complaint and, therefore, denies those allegations.

6. Herbalife admits the allegations contained in paragraph 10 of the complaint.

7. Herbalife lacks sufficient information to form a belief as to the truth of the allegations contained in paragraphs 11 through 16 of the complaint and, therefore, denies those allegations.

8. In answer to paragraph 17, Herbalife denies that adidas is a world-famous brand. Herbalife lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the complaint and, therefore, denies those allegations.

9. Herbalife denies the allegations contained in paragraph 18 of the complaint.

10. Herbalife lacks sufficient information to form a belief as to the truth of the allegations contained in paragraphs 19 through 21 of the complaint and, therefore, denies those allegations.

11. In answer to paragraph 22, Herbalife admits that it has used its Tri-Leaf Mark, which mark is depicted in paragraph 22 of the complaint, in connection with nutritional supplements and other health-related products. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 22 of the complaint.

12. In answer to paragraph 23, Herbalife admits that it has sought to register its Tri-Leaf Mark in a number of jurisdictions around the world and that plaintiffs have commenced trademark opposition proceedings against some of those applications. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 23 of the complaint.

13. In answer to paragraph 24, Herbalife admits that Herbalife and adidas AG entered into a contract on July 10, 1998. Herbalife also admits that paragraphs 5, 6 and 7 of the contract are cited in paragraph 24 of the complaint and that the contract is attached as Exhibit 7 to the complaint. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 24 of the complaint.

14. Herbalife denies the allegations contained in paragraph 25 of the complaint.

15. In answer to paragraph 26, Herbalife admits that it registered the domain name <herbalifesports.com>. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 26 of the complaint.

16. Herbalife denies the allegations contained in paragraphs 27, 28 and 29 of the complaint.

17. In answer to paragraph 30, Herbalife admits that Herbalife and adidas sponsor some of the same sporting events and/or teams. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 30 of the complaint.

18. Herbalife denies the allegations contained in paragraphs 31 through 36 of the complaint.

19. Herbalife admits the allegations contained in paragraphs 37 and 38 of the complaint.

20. Herbalife denies the allegations contained in paragraph 39 of the complaint.

21. In answer to paragraph 40, Herbalife admits that plaintiff has made demands on Herbalife and that such demands have not resulted in resolution of this matter. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 40 of the complaint.

22. In answer to paragraph 41, Herbalife admits that it received a letter from plaintiffs dated April 24, 2009, a copy of which is attached to the complaint as Exhibit 8. Except as expressly admitted, Herbalife denies the remaining allegations contained in paragraph 41 of the complaint.

23. Herbalife denies the allegations contained in paragraph 42 of the complaint.

24. In answer to paragraph 43, Herbalife incorporates by reference the answers to paragraphs 1 through 42, set forth herein.

25. Herbalife denies the allegations set forth in paragraphs 44 through 50 of the complaint.

26. In answer to paragraph 51, Herbalife incorporates by reference the answers to paragraphs 1 through 50, set forth herein.

27. Herbalife denies the allegations set forth in paragraphs 52 through 55 of the complaint.

28. In answer to paragraph 56, Herbalife incorporates by reference the answers to paragraphs 1 through 55, set forth herein.

29. Herbalife denies the allegations set forth in paragraphs 57 through 60 of the complaint.

30. In answer to paragraph 61, Herbalife incorporates by reference the answers to paragraphs 1 through 60, set forth herein.

31. Herbalife denies the allegations set forth in paragraphs 62 through 65 of the complaint.

32. In answer to paragraph 66, Herbalife incorporates by reference the answers to paragraphs 1 through 65, set forth herein.

33. Herbalife denies the allegations set forth in paragraphs 67 through 70 of the complaint.

34. In answer to paragraph 71, Herbalife incorporates by reference the answers to paragraphs 1 through 70, set forth herein.

35. Herbalife denies the allegations set forth in paragraphs 72 and 73 of the complaint.

36. In answer to paragraph 74, Herbalife incorporates by reference the answers to paragraphs 1 through 73, set forth herein.

37. Herbalife denies the allegations set forth in paragraphs 75 through 78 of the complaint.

38. Herbalife denies all of the allegations set forth in paragraphs 1 through 10 of plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are barred because of their attempted misuse of their trademarks to acquire a monopoly and/or broad commercial advantage beyond the scope of their trademark rights.

### THIRD AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred because their attempted misuse of their trademarks constitutes an improper means and/or purpose.

### FOURTH AFFIRMATIVE DEFENSE

42. Plaintiffs have unclean hands and are thereby barred from obtaining the relief they seek.

### FIFTH AFFIRMATIVE DEFENSE

43. Herbalife's alleged infringing activities constitute protected fair use.

### SIXTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred by laches, estoppel and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiffs have released some or all of their claims through the parties' prior agreement.

### EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations.

### COUNTERCLAIMS

Herbalife asserts the following counterclaims against plaintiffs and alleges as follows:

### GENERAL ALLEGATIONS

1. Herbalife is a Nevada corporation, having its principal place of business at 1800 Century Park East, Los Angeles, California 90067.

2. On information and belief, adidas America is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America is wholly-owned by its parent company, adidas AG and its affiliates.

3. On information and belief, adidas AG is an alien corporation based in Germany. adidas is authorized to conduct business throughout the United States and has significant business representatives throughout the United States and in general.

4. Herbalife manufactures and sells weight, nutritional, skin, and personal care products under its distinctive Tri-Leaf Design trademark ("TRILEAF Mark").

5. adidas America, Inc. and adidas AG are collectively referred to herein as "plaintiffs" or "adidas."

6. adidas manufactures and sells a variety of goods including clothing, footwear, accessories, and equipment under its Trefoil Design trademark ("TREFOIL Mark").

7. Herbalife and adidas registered their marks in numerous jurisdictions throughout the world including with the U.S. Patent and Trademark Office. Prior to the Settlement Agreement described herein, adidas had opposed Herbalife's trademark applications in a number of jurisdictions. To resolve adidas' oppositions and to allow simultaneous use and registration of their respective marks throughout the world, Herbalife and adidas AG entered into a Settlement Agreement on July 10, 1998.

## FIRST COUNTERCLAIM

### (Declaratory Judgment for Non-Breach of the Settlement Agreement)

8. Herbalife re-alleges and incorporates by reference paragraphs 1 through 7 of its counterclaims above.

9. This is a counterclaim for declaratory judgment that Herbalife has not breached the terms of the Settlement Agreement entered into between Herbalife and defendant adidas AG on July 10, 1998.

10. The Settlement Agreement dated July 10, 1998, was signed by adidas on July 10, 1998 and accepted by Herbalife in California on July 17, 1998.

11. Paragraph 1 of the Settlement Agreement provides that adidas will not object to Herbalife's TRILEAF Marks which were already registered anywhere in the world at the time of the date of the Settlement Agreement. At that time, Herbalife had registered and was using its

TRILEAF Mark on tote bags, t-shirts, polo shirts, jackets and other sports-related apparel. Pursuant to Paragraph 1, adidas agreed not to object to the then-existing use of the TRILEAF Mark.

12. Paragraph 2 of the Settlement Agreement provides that adidas will not pursue any action with respect to the use or registration of the TRILEAF Mark in connection with the name Herbalife.

13. Paragraph 5 of the Settlement Agreement provides that Herbalife will not "use and register" its TRILEAF Mark on footwear, sports apparel, sports accessories or equipment.

14. Paragraph 6 of the Settlement Agreement provides that Herbalife will use its TRILEAF Mark in combination or in close proximity with the word "Herbalife."

15. Paragraph 7 of the Settlement Agreement provides that Herbalife and adidas agree to avoid any activity that would lead to confusion between their respective marks.

16. Pursuant to the Settlement Agreement, adidas agreed not to pursue any action against any uses of the TRILEAF Mark as long as the TRILEAF Mark appears in tandem with the word "Herbalife" regardless of the type of product on which the mark and name appear, *i.e.*, the TRILEAF Mark can be used on any item, including sports apparel, as long as the TRILEAF mark and "Herbalife" appear in tandem.

17. Further, pursuant to the Settlement Agreement, as long as the Herbalife TRILEAF Mark is used in conjunction with the Herbalife name, and Herbalife has not both used *and* registered its TRILEAF Mark on the goods listed, no breach has occurred.

18. Herbalife has abided by the Settlement Agreement.

19. On September 29, 2006, adidas contacted Herbalife and asserted that Herbalife was in breach of the Settlement Agreement. Later, adidas asserted that Herbalife was infringing adidas' TREFOIL Mark by displaying the TRILEAF Mark on casual wear that adidas couched as sports wear and by displaying the TRILEAF Mark on sport jerseys including on the jerseys of the Los Angeles Galaxy ("Galaxy") Major League Soccer ("MLS") team.

20. Herbalife's use of the TRILEAF Mark with the Herbalife name on sports apparel, however, does not violate the Settlement Agreement. Herbalife's TRILEAF Mark is accompanied by the word "Herbalife" on the apparel at issue. Herbalife's use of the TRILEAF Mark together with the Herbalife name on sports apparel is permissible under the Settlement Agreement.

21. An actual controversy has arisen and now exists between Herbalife and adidas in that adidas now alleges that Herbalife has acted in violation of the Settlement Agreement, whereas Herbalife disputes this contention. Additionally, adidas has filed a complaint alleging trademark infringement, unfair competition, trademark dilutions, deceptive trade practices, and breach of contract. Consequently, a judicial determination of such controversy is necessary and appropriate at this time. Accordingly, Herbalife seeks judgment of this Court declaring that it has not breached and is not in breach of the Settlement Agreement.

## SECOND COUNTERCLAIM

### (Intentional Interference with Contractual Relations, Business Relations or Prospective Economic Advantage)

22. Herbalife re-alleges and incorporates by reference paragraphs 1 through 21 of its counterclaims above.

23. adidas has intentionally interfered with contractual relations, business relations and prospective economic advantage based on the actions of adidas with regard to Herbalife's agreement and relationship with third-party Anschutz L.A. Soccer, Inc., the owner of the Galaxy MLS team.

24. Third-party Anschutz Entertainment Group ("AEG") is one of the largest owners of professional sports teams and stadiums in the world and owns and operates the Galaxy in its capacity as an agent for MLS.

25. Herbalife and AEG have a current and ongoing business relationship.

26. Effective as of March 14, 2007, Herbalife and AEG, via Anschutz L.A. Soccer, Inc., entered into a contract (the "2007 Sponsor Agreement") for Herbalife's sponsorship of the Galaxy MLS team.

27. The 2007 Sponsor Agreement included provisions for the Galaxy to use the Herbalife TRILEAF Mark and the Herbalife name through December 31, 2011, to acknowledge Herbalife's status as an official sponsor of the team.

28. The Herbalife TRILEAF Mark and the Herbalife name have appeared in a prominent position on the front of all Galaxy jerseys since March, 2007.

29. The 2007 Sponsor Agreement confers to Herbalife the right to approve the appearance of its name and TRILEAF Mark on Galaxy apparel.

30. Under the 2007 Sponsor Agreement, Herbalife's name and TRILEAF Mark are to be prominently placed. adidas is the official manufacturer of all MLS apparel, including Galaxy jerseys, and any rights adidas may have to placement of its name and logo are secondary to Herbalife's rights.

31. adidas is, and has at all relevant times been, aware of the 2007 Sponsor Agreement and of the general business relationship between Herbalife and AEG.

32. adidas is now objecting to the use of the Herbalife TRILEAF Mark and unilaterally seeks its removal from the Galaxy MLS team jerseys and other goods.

33. In June, 2009, Herbalife requested from AEG to review the artwork for the 2011 Galaxy jersey. To date, Herbalife has not received the requested artwork.

34. On December 3, 2009, Herbalife received photographs (not the artwork) of adidas' re-design for the 2011 Galaxy jerseys, which did ***not*** include the Herbalife TRILEAF Mark. That very same day, Herbalife informed AEG that it did ***not*** approve of the re-design as is required under the 2007 Sponsor Agreement.

35. On January 12, 2010, AEG informed Herbalife that adidas had refused to produce the 2011 Galaxy jerseys with the Herbalife TRILEAF Mark and that the deadline for the final creative artwork was January 20, 2010.

36. On January 15, 2010, Herbalife received written confirmation from AEG of adidas' refusal and of the January 20, 2010 deadline for the artwork.

37. Herbalife has repeatedly informed AEG that it does not approve of any design of Galaxy jerseys that does not include Herbalife's TRILEAF Mark.

38. On January 19, 2010, Herbalife provided AEG with formal, written notice of its disapproval.

39. On January 20, 2010, Herbalife first learned that adidas had also refused to release the design materials for 2011 Galaxy jerseys even to AEG. Thus, on January 20, 2010, Herbalife first learned that adidas was acting independently of AEG, and that adidas' actions prevented AEG from providing the artwork to Herbalife.

40. On January 28, 2010, Herbalife learned through the declaration of Chris McGuire filed in this action that final decision by adidas on the design to be used for the 2011 Galaxy jerseys would not be made until April 1, 2010. To date however, adidas continues to refuse to produce the 2011 Galaxy jerseys with the Herbalife TRILEAF Mark. Written confirmation of this refusal was confirmed by adidas' counsel on February 12, 2010.

41. adidas' refusal to print the Herbalife TRILEAF Mark has interfered with Herbalife's 2007 Sponsor Agreement and business relationship with AEG.

42. adidas knew and intended its conduct to interfere with Herbalife's 2007 Sponsor Agreement and business relationship with AEG.

43. adidas' actions constitute an improper means and/or purpose because adidas is misusing its trademarks to acquire a monopoly or broad commercial advantage beyond the scope of its trademark rights.

44. Federal statutory law, including 15 U.S.C. § 1117, provides a means of enforcement as well as remedies for alleged violation of trademark rights. adidas' self-help method of interfering with Herbalife and AEG's business relationship is improper and in violation of the statutorily available trademark enforcement methods.

45. adidas' interference with Herbalife's valid contract and business relationship with AEG is causing damages to Herbalife by forcing a breach of a contract to which adidas is not a party.

46. As a result of adidas' interference with Herbalife's valid contract and business relationship with AEG, Herbalife has suffered damages in an amount currently unknown.

### THIRD COUNTERCLAIM

**(Violations of Unfair Competition Law Under Cal. Bus. & Prof. Code § 17200 et. seq.)**

47. Herbalife re-alleges and incorporates by reference paragraphs 1 through 46 of its counterclaims above.

48. adidas has printed the Herbalife name and TRILEAF Mark on Galaxy jerseys in 2007, 2008, 2009, and 2010. Now, in the final year of the 2007 Sponsorship Agreement between Herbalife and AEG, adidas suddenly decides to remove Herbalife's TRILEAF Mark from the Galaxy jerseys.

49. adidas brought claims of trademark infringement in the eleventh hour of the 2007 Sponsorship Agreement to unfairly and unlawfully disrupt Herbalife's branding and marketing efforts. adidas is unfairly impeding Herbalife's ability to advertise its brand, increase public

PAGE 12 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND
        COUNTERCLAIMS

awareness and otherwise market itself through sponsorships, which are an increasingly popular form of global branding.

50. adidas's conduct described in paragraphs 28-44 and 48-49 constitutes unlawful and unfair business practices as defined by California Business and Professions Code § 17200.

51. As a result of adidas's conduct, Herbalife will suffer an unquantifiable amount of damages due to its unfair loss of branding and exposure unless adidas is enjoined from engaging in such unlawful and unfair business practices. Injunctive relief is proper pursuant to Cal. Bus. & Prof. § 17203 because Herbalife has no adequate remedy at law and monetary damages will not prohibit adidas from engaging in the unlawful and unfair business practices described in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Herbalife prays for relief as follows:

A. That plaintiffs' complaint be dismissed with prejudice and that plaintiffs be awarded no relief;

B. On Herbalife's first counterclaim, for judgment declaring that Herbalife has not breached the 1998 Settlement Agreement entered into between the parties;

C. On Herbalife's second counterclaim, for injunctive relief preventing adidas from further interfering in Herbalife's contractual relations with Anschutz L.A. Soccer, Inc.;

D. On Herbalife's second counterclaim, for an award of exemplary damages;

E. On Herbalife's third counterclaim, for injunctive relief preventing adidas, and any person or entity acting on its behalf, from further engaging in the aforementioned unlawful and unfair business practices, which intentionally disrupt Herbalife's advertising, branding, and marketing efforts;

F. For an award of Herbalife's reasonable attorneys' fees, costs, disbursements and other expenses; and

G. Such other and further relief as the Court deems appropriate.

DATED: March 2, 2010

LANE POWELL PC

By /s/ Kenneth R. Davis II
Kenneth R. Davis II, OSB No. 971132
Telephone: 503.778.2121
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2127

M. John Carson, *Admitted Pro Hac Vice*
Leila Nourani, *Admitted Pro Hac Vice*
Michael J. Song, *Admitted Pro Hac Vice*
**FOLEY & LARDNER LLP**
Telephone: 213.972.4500

Attorneys for Defendant Herbalife International, Inc.