UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ADIDAS AMERICA, INC. and
ADIDAS AG,**

                    Plaintiffs,

    v.

**HERBALIFE INTERNATIONAL, INC.,**

                    Defendant.

No. CV 09-661-MO

OPINION AND ORDER

**MOSMAN, J.,**

On March 29, 2010, oral argument was held on Herbalife's Motion for Preliminary njunction (#84). In its motion, Herbalife sought to prevent Adidas from manufacturing L.A. Galaxy jerseys that did not contain the Herbalife Tri-Leaf Logo.[1] The motion focused on Herbalife's likelihood of success on the merits of its claims for non-breach of a 1998 settlement agreement with Adidas and non-infringement of Adidas's trademark. I denied Herbalife's motion on the ground that Herbalife had not met its burden to show a likelihood of success on the merits of a claim that would allow it to pursue injunctive relief against Adidas. As discussed at oral

---

[1] Adidas manufactures soccer jerseys for the L.A. Galaxy pursuant to a contract with Major League Soccer. Herbalife purchased the right to place its name and logo on L.A. Galaxy jerseys through a sponsorship agreement with AEG, the owner of the L.A. Galaxy. Thus, Adidas and Herbalife are not in privity with respect to production and design of the L.A. Galaxy jerseys.

argument, proof of likelihood of success on the merits of a non-breach or non-infringement claim would not compel Adidas to manufacture the jerseys in certain manner. Rather, as Herbalife acknowledged at oral argument, its basis for seeking injunctive relief against Adidas must lie either (1) in a claim that Herbalife is a third-party beneficiary of Adidas's manufacturing contract with Major League Soccer and Adidas has breached that contract by seeking to remove the Tri-Leaf Logo, or (2) in a claim that Adidas's actions tortiously interfere with Herbalife's contract with the L.A. Galaxy. Herbalife's Motion for Preliminary Injunction mentioned these third-party beneficiary and tortious interference claims only in passing;[2] the motion did not assert these claims as the basis for Herbalife's request for injunctive relief.

Herbalife now seeks leave to file supplemental briefing on tortious interference and third-party beneficiary claims. When I asked Herbalife at oral argument why it had not asserted either the third-party beneficiary claim or the tortious interference claim as a basis for injunctive relief, Herbalife's asserted that it could not have sought injunctive relief on either theory because it had not yet filed its answer and counterclaims. Herbalife's Motion for Leave to File Supplemental Briefing cites the "difficult procedural block it faced in bringing its motion on grounds of tortious interference with contract because of the briefing schedule for its motion as compared to the deadline for filing Herbalife's answer and counterclaims." (Mot. (#107) 2.)

I recognize that Herbalife's deadline for filing its answer and counterclaims may have differed from its deadline for filing for injunctive relief, and I further recognize that Herbalife's

---

[2] For example, Herbalife alleged that Adidas "is interfering with Herbalife's sponsorship agreement with LA Galaxy" and "has no right to interfere with this agreement" (Mem. in Supp. of Mot. for Prelim. Inj. (#85) 2), but never discussed its likelihood of success on the merits of a tortious interference claim.

Motion to Dismiss for Lack of Personal Jurisdiction (#12) may have prevented Herbalife from filing its answer and counterclaims prior to resolution of the jurisdictional issue.[3] But Herbalife has provided no explanation for its failure to file an answer or counterclaims between February 16, 2010, when I ruled on Herbalife's jurisdictional motion (#73), and March 2, 2010, when Herbalife filed its answer and counterclaims (#88). Notably, Herbalife filed its Motion for Preliminary Injunction on March 1, 2010, only one day before filing its answer and counterclaims (#84). I fail to see, and Herbalife has not explained, why the answer and counterclaims could not have been filed prior to, or contemporaneously with, Herbalife's motion for preliminary injunction. Furthermore, prior to oral argument on March 29, 2010, Herbalife never moved to amend or supplement its motion for preliminary injunction based on its subsequently filed counterclaims.

For the foregoing reasons, I DENY Herbalife's Emergency Motion for Leave of Court for Supplemental Briefing of Preliminary Injunction Motion Based on Tortious Interference and Third Party Beneficiary Claims (#107).

IT IS SO ORDERED.

DATED this  1st  day of April, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[3] I note, however, that Herbalife was previously informed that any efforts it took to seek emergency relief in this Court would not be viewed as a waiver of its jurisdictional challenges. (*See* Mins. Jan. 29, 2010).