Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiffs

Daniel H. Marti; dmarti@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202.508.5800
Facsimile: 202.585.0033

William H. Brewster; bbrewster@kilpatricktownsend.com
R. Charles Henn Jr.; chenn@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Of Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS AG**, <br><br> Plaintiffs, <br><br> v. <br><br> **HERBALIFE INTERNATIONAL, INC.**, <br><br> Defendant. | No.  CV09-661 MO <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(f)** |

1-   MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(f)

21184-0076/LEGAL21728040.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") respectfully submit this memorandum in support of their Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(f) against defendant Herbalife International, Inc. ("Herbalife") on the specific issue of Herbalife's additional liability under the First Claim for Relief (Breach of Contract) in adidas's Complaint concerning Herbalife's breach of Paragraph 6 of the parties' 1998 Settlement Agreement (the "1998 Agreement").

## I.    INTRODUCTION

adidas's First Claim for Relief includes counts for breach of both Paragraph 5 <u>and</u> Paragraph 6 of the 1998 Agreement.  On February 25, 2011, this Court granted adidas's motion for summary judgment on the First Claim for Relief with regard to Paragraph 5 (Dkt. 223), a ruling that the Court subsequently reinforced in its recent August 1, 2011 Order (Dkt. 237).  On September 9, 2011, adidas moved to voluntarily dismiss all of its non-contract Claims for Relief (*e.g.*, adidas's trademark infringement and unfair competition claims) (Dkt. 238-39), thereby bringing this nearly two-year-long litigation close to final resolution.[1]

Once adidas's non-contract claims have been dismissed, the sole remaining issue before the Court will be Herbalife's breach of Paragraph 6 of the 1998 Agreement.  This contractual provision – which requires Herbalife to place its Tri-Leaf Mark "in combination and in close proximity with the word 'HERBALIFE'" – already has been extensively briefed by the parties and considered by this Court as part of its ruling on adidas's previous summary judgment motion; however, Herbalife's breach of Paragraph 6 was not directly the subject of adidas's previous motion.  Rather, as the Court is aware, adidas's earlier summary judgment filings (Dkt. 131-32 and, as renewed, 196-97) primarily focused on Herbalife's breach of Paragraph 5.  Although the Court has not directly ruled on the issue of Herbalife's breach of Paragraph 6, the Court already has considered and rejected Herbalife's

---

[1] All of Herbalife's counterclaims already have been resolved in favor of adidas.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

interpretation of Paragraph 6.[2]  Accordingly, as a result of the interpretations of the 1998 Agreement

previously advanced by the parties, and the unequivocal summary judgment ruling previously issued

by the Court, adidas submits that no genuine dispute remains that Herbalife has breached Paragraph 6

(in addition to Paragraph 5).

      In circumstances such as these, where the parties have briefed the issues and the court has

interpreted the relevant contractual provisions, the Federal Rules of Civil Procedure provide that a

court may enter summary judgment on grounds not directly raised by a party in its original motion.

*See* Fed. R. Civ. P. 56(f)(2)-(3).  Given the procedural posture of this case and the extensive prior

briefing over the terms of the 1998 Agreement, adidas requests that this Court invoke Rule 56(f)(2)

or (f)(3) to grant summary judgment in favor of adidas as to Herbalife's breach of Paragraph 6 based

on the evidence already proffered by adidas in its original and renewed summary judgment motions

(as well as the admissions of breach previously made by Herbalife in other submissions to this

Court).  Alternatively, adidas respectfully requests that this Court consider this motion under the

regular procedures of Rule 56.

      In short, this Court should grant adidas summary judgment on the portion of its First Claim

for Relief alleging that Herbalife breached Paragraph 6 of the 1998 Agreement.  In light of adidas's

pending motion to voluntarily dismiss its remaining non-contract claims, the present summary

judgment motion essentially represents "housekeeping" to formally address the sole remaining "live"

issue in this action.  By taking care of this housekeeping measure, the Court will then be in a position

---

[2] Despite their extensive prior briefing concerning Paragraph 6, the parties have never disputed the plain and natural meaning of the text of Paragraph 6 (*i.e.*, that Herbalife shall use its Tri-Leaf Mark "in combination" and "in close proximity" with the word "HERBALIFE").  Instead, the parties' dispute regarding Paragraph 6 has centered on whether Paragraph 6 somehow alters the plain language of Paragraph 5, which prohibits Herbalife from using its Tri-Leaf Mark on, *inter alia*, sports apparel.  Herbalife has repeatedly argued that in light of Paragraph 6 (and despite the plain language of Paragraph 5), Herbalife is entitled to use the Tri-Life Mark on sports apparel (as well as on the other prohibited goods) as long as Herbalife does so "in combination" and "in close proximity" with the word "HERBALIFE."  As indicated above and discussed further below, however, the Court already has rejected that argument by Herbalife.

3-    MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT PURSUANT
TO FED. R. CIV. P. 56(f)

21184-0076/LEGAL21728040.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

to proceed to the entry of a final judgment (and the issuance of appropriate injunctive relief) without further delay.

## II.    STATEMENT OF MATERIAL FACTS

On June 15, 2010, adidas moved for summary judgment on its First Claim for Relief (namely, Herbalife's breach of Paragraph 5 of the 1998 Agreement). (Dkt. 131-32.) In a subsequent hearing on that motion (held on September 14, 2010), the Court allowed discovery to continue and instructed adidas to renew its motion by December 20, 2010. (Dkt. 166.) In so doing, the Court pointedly instructed adidas not to further brief the issue of the interpretation of the 1998 Agreement. (Dkt. 168, Hearing Tr. at p. 27 ("adidas doesn't [need to] say anything new [for purposes of its renewed summary judgment motion]") and p. 34 (instructing adidas that its renewed motion should "be silent on the meaning of the contract").) As instructed, adidas renewed its motion (Dkt. 196-97), and on February 25, 2011, the Court granted summary judgment in favor of adidas and against Herbalife on adidas's First Claim for Relief concerning Herbalife's breach of the 1998 Agreement, with a specific focus on Paragraph 5. (Dkt. 223.) At the February 24, 2011 hearing that preceded the summary judgment ruling, the Court specifically adopted its earlier tentative ruling in favor of adidas's interpretation of the 1998 Agreement, stating:

> I adopt my earlier statements regarding the contractual interpretation, particularly as to that paragraph [*i.e.*, Paragraph 5], *but in light of the entire agreement*.

(Dkt. 224, Hearing Tr. at p. 6; emphasis added.)

Although adidas's original and renewed motions for summary judgment specifically identified Paragraph 5 as the subject matter of the breach before the Court, Herbalife's interpretation of Paragraph 5 directly brought into the fold the interpretation of Paragraph 6 as an issue requiring the Court's determination. Specifically, Herbalife repeatedly alleged in its summary judgment opposition briefing that Paragraphs 5 and 6 "must be read together" and "in tandem," and that Herbalife, therefore, should be permitted to use its Tri-Leaf Mark on the LA Galaxy jerseys (as well as on *any* other product) as long as the Tri-Leaf Mark appears "in combination and in close proximity

4-    MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT PURSUANT
TO FED. R. CIV. P. 56(f)
21184-0076/LEGAL21728040.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

with the word 'HERBALIFE.'"  (*See, e.g.*, Dkt. 135, at pp. 1, 6-7, 15; and Dkt. 206, at pp. 5, 7, 25.) As a result of this interpretation advanced by Herbalife, both parties have had a full and fair opportunity to brief the meaning and scope of Paragraph 6 as it concerns the overall interpretation of the 1998 Agreement.[3]

In its February 25, 2011 and August 1, 2011 Orders (Dkt. 223 and 237, respectively), the Court rejected Herbalife's interpretation of the disputed portions of the 1998 Agreement, including Herbalife's interpretation and application of Paragraph 6.  In doing so, the Court specifically noted that it "found in the February 24, 2011, hearing that Herbalife's placement of its name *and* Tri-Leaf Mark on the Galaxy jerseys violates the terms of the parties' 1998 Agreement." (Dkt. 237, at p. 3; emphasis added.)  As a result of Herbalife's submission of Paragraph 6 for this Court's determination in the previous rounds of summary judgment briefing, and the Court's unequivocal prior rulings, no genuine dispute remains as to the interpretation of Paragraph 6 of the 1998 Agreement.

## III.   ARGUMENT

Pursuant to Rule 56(f)(2)-(3), this Court may, "[a]fter giving notice and a reasonable time to respond . . . (2) grant the [summary judgment] motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."  adidas respectfully requests that this Court invoke Rule 56(f)(2) or (f)(3),

---

[3] Indeed, Paragraph 6 of the 1998 Agreement has been extensively briefed by the parties at almost at every turn in this action.  (*See, e.g.*, Dkt. 26, at p. 8; Dkt. 95, at pp. 3, 15; Dkt. 132, at p. 8; Dkt. 135, at pp. 1, 6-7, 15; Dkt. 143, at pp. 13 n.9, 22; Dkt. 206, at pp. 5, 7, 25; and Dkt. 210, at pp. 3-4.)  And the proper interpretation of Paragraph 6 has been openly debated during *both* of the summary judgment hearings held before this Court.  (*See* Dkt. 168, Tr. of Sept. 14, 2010 hearing, at pp. 14-15, 17-18; and Dkt. 224, Tr. of Feb. 24, 2011 hearing, at p. 12.)  Moreover, during the February 24, 2011 summary judgment hearing, in response to Herbalife's further attempt to advance its view of the interpretation of, *inter alia*, Paragraph 6, the Court plainly stated:

> There eventually has to come an end to the argument about the meaning of the contract.  I have made my finding.  You don't need to argue it any further.

(Dkt. 224, Hearing Tr., at pp. 12-13.)

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and order Herbalife to show cause why it should not be found to have breached Paragraph 6 of the 1998 Agreement.

adidas respectfully submits that Herbalife will not be able to show cause why a finding of breach as to Paragraph 6 should not issue. In fact, Herbalife's liability for breach of Paragraph 6 is already of record. For example, Herbalife has conceded that:

> adidas argues that Herbalife does not always use its house mark ["in combination and in close proximity with the word 'HERBALIFE'"]. However, in the discrete instances that adidas can point to, space constrictions have not allowed the Herbalife name to appear beside the mark.

(*See* Dkt. 101, at p. 25 n.21; *see also* Dkt. 210, at p. 7, where Herbalife notes that "[e]ven as to the handful of exhibits depicting the Tri-Leaf logo alone, Herbalife states that ¶ 6 of the [1998] Agreement was intended to only require use of the 'Herbalife' word mark with the Tri-Leaf Mark where customer confusion was possible"; and Dkt. 224, Tr. of Feb. 24, 2011 hearing, at p. 12 (counsel for Herbalife arguing that "even the few exhibits that show the logo alone, we submit that that was in the context of sponsorship . . . .").) These concessions took place as Herbalife unsuccessfully sought to explain away products that clearly showed that Herbalife used the Tri-Leaf Mark either alone (*i.e.*, without the "HERBALIFE" word mark) or not "in combination and in close proximity with the word 'HERBALIFE.'" In light of this Court's standing interpretation of the 1998 Agreement, the goods that Herbalife had tried (but failed) to explain away – pictures of which have all been previously submitted to the Court[4] – necessarily constitute breaches of Paragraph 6. These include:

*[Images appear on following page.]*

---

[4] *See* Dkt. 199 (Faris Declaration in Support of adidas's Renewed Motion for Partial Summary Judgment), at Ex. 89 (at HLF 0070091), Ex. 95, and Ex. 100; *see also* Dkt. 95, at pp. 4, 19.

6- MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(f)

21184-0076/LEGAL21728040.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**1. Gloves:**



**2. Arm Bands/Warmers:**



**3. Socks:**



**4. Baseball Cap:**



Based on the existing record and this Court's previous rulings, there is no genuine issue of material fact concerning Herbalife's breach of Paragraph 6 of the 1998 Agreement. In many instances, the HERBALIFE name either does not appear on the product at all, or the HERBALIFE name is clearly not in close proximity with the Tri-Leaf Mark. This amounts to an unequivocal breach of Paragraph 6, which, as previously stated, requires Herbalife to place its Tri-Leaf Mark "in combination and in close proximity with the word 'HERBALIFE.'"

*[The remainder of this page is intentionally left blank.]*

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## IV.   CONCLUSION

For all of the foregoing reasons, adidas respectfully requests that this Court grant the present motion, thereby confirming Herbalife's additional liability under adidas's claim for breach of contract as to Paragraph 6 of the 1998 Agreement.

DATED:  September 19, 2011

**PERKINS COIE LLP**

By:/s/ Stephen M. Feldman
    Stephen M. Feldman, OSB No. 932674
    SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2000

Attorneys for Plaintiffs

Daniel H. Marti (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202.508.5800
Facsimile: 202.585.0033

William H. Brewster (admitted *pro hac vice*)
R. Charles Henn Jr. (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  404.815.6500
Facsimile:  404.815.6555

Of Counsel for Plaintiffs

8-    MEMORANDUM IN SUPPORT OF PLAINTIFFS'
       MOTION FOR SUMMARY JUDGMENT PURSUANT
       TO FED. R. CIV. P. 56(f)
       21184-0076/LEGAL21728040.1

       *Perkins Coie* LLP
       1120 N.W. Couch Street, Tenth Floor
       Portland, OR  97209-4128
       Phone:  503.727.2000
       Fax:  503.727.2222