IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**ADIDAS AMERICA, INC.**, **et al.**,

       Plaintiffs,                                  No. 3:09-cv-00661-MO

              v.                             OPINION AND ORDER

**HERBALIFE INTERNATIONAL, INC.**,

       Defendant.


**MOSMAN, J.**,

       My ruling at oral argument on December 9, 2011, disposed of all remaining claims in this lawsuit. I ordered plaintiffs to prepare, confer with opposing counsel, and submit a form of judgment. Plaintiffs' proposed judgment, titled "Final Judgment and Permanent Injunction" [255], included terms of a permanent injunction with regard to paragraphs 5 and 6 of the parties' 1998 Settlement Agreement ("Settlement Agreement"). Defendant objected [256] to the proposed judgment, arguing that plaintiffs never filed a motion addressing the availability and scope of injunctive relief. In reply [258] to defendant's objection, plaintiffs addressed why they are entitled to injunctive relief pursuant to *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

Defendant moved to strike [259] plaintiffs' reply. Plaintiffs responded [260] and defendant replied [261]. In order to avoid further delay in this already protracted lawsuit, I construed plaintiff's proposed judgment [255] as a motion for a permanent injunction, denied [262] defendant's motion to strike, and allowed defendant to file a sur-reply in order to comprehensively respond to plaintiffs' arguments in support of their request for injunctive relief.

## DISCUSSION

In order to obtain a permanent injunction, a plaintiff "must satisfy a four-factor test," by demonstrating: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc.*, 547 U.S. at 391.

This court has recognized that "*eBay* signifies a return to traditional equitable principles, under which presumptions of harm are not allowed." *Leatherman Tool Group, Inc. v. Coast Cutlery Co.*, 823 F. Supp. 2d 1150, 1159 (D. Or. 2011). Accordingly, plaintiffs must present evidence that they have suffered an irreparable injury as a result of defendant's breaches of paragraphs 5 and 6 of the Settlement Agreement. Plaintiffs have presented no evidence that defendant's breaches have in fact caused tangible harm such as lost sales or profits, actual consumer confusion, or trademark dilution.

Instead, plaintiffs argue that they suffered an irreparable injury: because they "relinquished other alternatives clearly available…in 1998," when they settled opposition proceedings against defendant by entering into the Settlement Agreement, (Pls.' Reply [258] 5); and/or because defendant's breaches have deprived them of "a marketplace in which there is no

use (on a stand-alone basis) of [defendant's mark, which]… may have the effect …of causing confusion in the marketplace, diluting the distinctiveness of the Trefoil Mark, and otherwise diminishing the value of the Trefoil Mark." (Pls.' Resp. to Mot. to Strike [260] 3) (quoting Pls.' Reply in Supp. of Mot. for Sum. Judg. [248] 11). Plaintiffs' first argument is irrelevant as to whether they suffered an irreparable injury in this case, and their second argument is insufficient in light of *eBay*. Therefore, on this record, plaintiffs have not demonstrated that they have suffered an irreparable injury as a result of defendant's breaches of paragraphs 5 and 6 of the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, I DENY plaintiff's request [255] for a permanent injunction.

IT IS SO ORDERED.

DATED this __18th__ day of May, 2012.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER