IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ADIDAS AMERICA, INC.**, **et al.**,

        Plaintiffs,

            v.

**HERBALIFE INTERNATIONAL, INC.**,

        Defendant.

No. 3:09-cv-00661-MO

OPINION AND ORDER

**MOSMAN, J.**,

Presently in front of me is plaintiffs' Bill of Costs [273], which they submitted following

judgment [272] in their favor on their first claim for relief concerning breach of Paragraphs 5 and

6 of the parties' 1998 Settlement Agreement. Defendant filed objections [280] and plaintiffs

responded [284]. I award plaintiffs $39,601.90 in costs for the following reasons.

## DISCUSSION

Plaintiffs seek $40,555.25 in costs in connection with this lawsuit, as follows: $840 for

fees of the clerk; $1,386.50 in fees for service of summons and subpoenas; $19,893.34 in court

reporter and transcript related fees; $9,259.79 in fees for disbursements and printing; and $20.00

for docket fees as the prevailing party. (Pl.s' Bill of Costs [273] 1). Defendant argues that I

should award plaintiffs $2,826.68 in costs. (Def.s' Resp. [280] 11).

1 – OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 54(d), a prevailing party may recover the following costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920. The losing party incurs the burden of demonstrating why certain costs should not be awarded. *Stanley v. Univ. of S. Cat*., 178 F.3d 1069, 1079 (9th Cir. 1999). Defendant raises eight objections in support of its contention that I should reduce plaintiffs' requested costs, which I address in kind.

### 1.  Duplicative Video Deposition Costs

Section 1920(2) permits the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Defendant challenges $4,629.70 in video deposition costs, arguing that under 28 U.S.C. § 1920(2), plaintiffs cannot recover video deposition costs in the instances in which they have also requested stenographic transcription costs. The Ninth Circuit has not addressed this specific issue, *see In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1370 (Fed. Cir. 2011), and there is some variance in this court's approach to the matter. *See, e.g., id*. (explaining that under Ninth Circuit law, district court did not abuse its discretion in taxing both the written transcription and the video of the depositions); *c.f., e.g., Davico v. Glaxosmithkline Pharm.*, 05–cv–6052–TC, 2008 WL 624049, at *2 (D. Or. Jan. 23, 2008) (court declined to exercise its discretion to award video deposition costs, reasoning that videotaping a non-perpetuation deposition is unnecessary). The antagonistic

2 – OPINION AND ORDER

milieu here, coupled with the large-scale nature of this litigation, rendered both video deposition and stenographic transcription costs particularly necessary in this case, and I therefore deny defendant's objection and award plaintiffs the challenged costs.

### 2. Expedited Services

Defendant argues that I should deduct $7,137.23 in fees related to rush or expedited delivery of transcripts and expedited service of process. Defendant reasons generally that any fees incurred for rush delivery of transcripts and copying services are for the convenience of counsel and thus unnecessary. (Def.'s Obj. [280] 5).  In the face of this generic objection, plaintiffs provide detailed justification as to why each instance in which they requested expedited service was necessary, (*see* Pl.s' Resp. [284] 11–13), and I find merit in the majority of their proffered justifications. I find unpersuasive, however, plaintiffs' reasoning with regard to rush service attributed to service of process on defendant, as well as expedited service of the September and December oral argument transcripts. Therefore, I deduct $599.05 from the bill of costs.

### 3. OCR Charges

Defendant challenges $779.28 in requested optical character recognition ("OCR") costs, arguing that plaintiffs provide "no justification for the inclusion of OCR rendering expenses." (Def.'s Resp. [280] 7). In reply, plaintiffs indicate that the document productions at issue were productions of plaintiffs' documents to defendant, at defendant's request, and that all parties agreed to the inclusion of OCR. (Pl.s' Reply [284] 13); (Feldman Decl. [286] ¶ 3). I credit plaintiffs' proffered justification, and in so doing, award plaintiffs their requested OCR charges because I find that they were necessarily incurred for use in this case.

### 4.  Duplicative Copies

Defendant challenges $54.30 as duplicative, and plaintiffs concede that they ordered the subject hearing transcript twice. I deduct $54.30 from the Bill of Costs [273].

### 5.  Illegible Invoices

Defendant argues that I should deduct $1,311.15 in costs due to the illegibility of the supporting invoices. I reviewed the better quality copies that plaintiffs submitted in connection with their reply, (*see* Marti Decl. [285] Ex. 1–2), and find that the costs reflected therein are properly taxable under 28 U.S.C. § 1920.

### 6.  Fees for Pro Hac Vice Petitions

Defendant challenges $300.00 in pro hac vice fees. This court is split as to whether pro hac vice fees can be taxed. *See Adidas America, Inc. v. Payless Shoesource, Inc.*, 03–cv–1116–KI, 2009 WL 302246, at *2 (D.Or. Feb. 9, 2009) (citing *Woodruff v. Hawai'i Pac. Health*, 05–00521–cv–JMS–LEK, 2008 WL 5115051, at *5–6 (D.Haw. Dec. 5, 2008) (collecting rulings)). I agree with Judge King's conclusion in *Adidas America, Inc. v. Payless Shoesource, Inc.*: "pro hac vice fees are taxable as costs if reasonably necessary to prosecute the case." *Id.* In determining whether pro hac vice fees were taxable there, the court found determinative the number of hours that each attorney billed on the case, presumably via documentation submitted in connection with the plaintiff's corresponding request for attorney fees.  *Id.* In this case, by contrast, plaintiffs' sole support is their conclusory statement that the subject attorneys "played a meaningful role in the case." (Pl.s' Reply [284] 14). Without more, I am unable to determine whether the costs in connection with the subject pro hac vice fees were reasonably necessary, and therefore, I deduct $300.00 from the Bill of Costs [273].

### 7.  Third-Party Subpoenas

Defendant objects to $1,100.00 in costs connected with plaintiffs' service of four third-party document subpoenas. It argues that the subpoenas were not necessary because they did not result in the production of documents relevant to the litigation. (Def.'s Obj. [280] 8). This is not the correct inquiry. *See, e.g., U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, CV–F–99–5583, 2010 WL 3037500, at *3 (E.D. Cal. Aug. 2, 2010) (quoting *Movitz v. First Nat'l Bank of Chicago*, 982 F.Supp. 571, 574 (N.D. Ill. 1997) ("In order to award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary in light of the facts known at the time of service.")). Plaintiffs respond that the subpoenas at issue were all reasonable and necessary at the time of service because the parties were each identified by defendant in prior responsive documents, as well as on defendant's own website. (Pl.s' Resp. [284] 14). I deny defendant's objection for both of these reasons.

### 8.  Photocopying Costs

Under section 1920, the "costs of making copies of any materials" are recoverable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendant challenges $5,456.80 in copying charges, arguing that plaintiffs fail to explain the nature of each of the photocopying charges they seek to recover. I rejected the same argument in *Fireman's Fund Ins. Co. v. Oregon Auto. Ins. Co.,* 03–cv–0025–MO, 2010 WL 3467297, at *7 (D. Or. Sept. 2, 2010), and do so again today for the same reasons. *See also Adidas America, Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246 at *4 (explaining, *inter ailia*, that it would not be possible in a large, complex case "for a law firm to track the nature of each copy and report the information on a per copy basis to the court in a bill of costs"). Accordingly, I find that the copying charges here were necessarily incurred and award plaintiffs $5,456.80 in costs.

## CONCLUSION

For the foregoing reasons, I GRANT in part plaintiffs' Bill of Costs [273]. Plaintiffs are awarded $39,601.90 in costs.

IT IS SO ORDERED.

DATED this ___5th___ day of September, 2012.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Court

6 – OPINION AND ORDER